O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARCUS PERKINS, | Case No. CV 08-5420-GAF (MLG) |
| Petitioner, | MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |
| v. | |
| D.K. SISTO, Warden, | |
| Respondent. | |

**I.   Factual and Procedural Background**

Petitioner is a state prisoner currently incarcerated at the California State Prison-Solano in Vacaville, California.  He filed this petition for writ of habeas corpus on August 18, 2008. Because this is Petitioner's second petition challenging the identical underlying state court conviction, this petition must be dismissed as successive under 28 U.S.C. § 2244(b)(3)(A).

The petition challenges a March 1996 judgment from the Los Angeles County Superior Court in which Petitioner was sentenced to a term of 23 years and 8 months following conviction of two counts of second degree

armed robbery, Cal. Penal Code § 211, and findings of true on two firearm use enhancement allegations, Cal Penal Code § 12022.5(a) and a prior strike conviction and a prior prison term. Cal. Penal Code §§ 667(a)(1) and 667(b)-(i). The California Court of Appeal affirmed the conviction and sentence on April 28, 1998. The California Supreme Court denied review on July 8, 1998.

Beginning on April 8, 1999, Petitioner filed a round of habeas corpus petitions in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court. All of those petitions were denied, the last being denied on October 25, 2000.

On November 19, 2001, Petitioner filed a petition for writ of habeas corpus in this court, challenging the judgment of conviction. *Perkins v. California State Attorney General*, Case No. CV 01-9907-NM (MLG). On February 24, 2003, an order and judgment was entered dismissing the petition with prejudice as untimely filed. This Court granted a certificate of appealabilty, but on May 21, 2004, the United States Court of Appeals for the Ninth Circuit affirmed the district court's judgment. *Perkins v. California State Attorney General,* Case No. 03-55632.

The current petition reveals that beginning in 2005, Petitioner began filing a series of state habeas corpus petitions in the state courts challenging the sentence he had received in 1996. Those petitions were all denied. At least three more habeas corpus petitions were filed in the California Supreme Court in 2007, after issuance of the decision in *Cunningham v. California*, 127 S. Ct. 856 (2007). Those three petitions were all denied on February 13, 2008.

This petition followed. In this petition, Perkins again challenges the state court judgment entered in March 1996, this time raising new

2

federal and state claims relating to the sentence he received, including a claim relying on the recent decision in *Cunningham*. For the reasons set forth below, the petition is ordered dismissed without prejudice to Petitioner's right to apply to the Ninth Circuit Court of Appeals for leave to file a successive petition.

**II.  Discussion.**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas petition, *before the respondent files an answer,* "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). It is beyond question that this Court lacks jurisdiction to review this petition without authorization from the court of appeals. Accordingly, summary dismissal of this petition is warranted.

The present petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA"), enacted on April 24, 1996.  Among other things, AEDPA amended 28 U.S.C. § 2244 to require that "[b]efore a second or successive application [for writ of habeas corpus] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) explicitly provides that a *second and/or*

*successive* petition, like the one in this case, requires Ninth Circuit approval before it can be considered by the district court. *Burton v. Stewart,* 549 U.S. 147, 127 S.Ct. 793, 796 (2007). This Court must dismiss any second or successive petition unless the court of appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997); *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997), cert. denied, 519 U.S. 1102 (1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

A claim in a second or successive habeas petition which was not previously presented may be considered if the petitioner shows that the claim relies upon a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2)(A). However, a petitioner is still required to seek authorization from the court of appeals in order to have the district court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes v. Te Vaughn*, 276 F.Supp.2d 1027, 1030 (C.D.Cal. 2003) ("[T]o the extent that petitioner would like to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court.")[1]

This petition was filed without leave of the Ninth Circuit. Until the Ninth Circuit authorizes the filing of this petition, this Court lacks jurisdiction to consider the merits. *See Burton,* 127 S.Ct. at 799; *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001); *Nunez v.*

---

[1] Moreover, Petitioner has not shown that the Supreme Court has held *Cunningham* to be retroactive on collateral review.

4

*United States*, 96 F.3d 990, 991 (7th Cir. 1996)(district court lacks subject matter jurisdiction to consider second or successive petition). Thus, dismissal of the petition without prejudice is required.

**III. Order.**

In accordance with the foregoing, IT IS HEREBY ORDERED that the petition is DISMISSED without prejudice to petitioner's applying to the United States Court of Appeals for the Ninth Circuit for leave to file a second or successive petition.

IT IS FURTHER ORDERED that the clerk shall serve a copy of this order on Petition and the Attorney General for the State of California.

Dated: September 3, 2008

_____
Gary A. Feess
United States District Judge

Presented by:

_____
Marc L. Goldman
United States Magistrate Judge